## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>ALFRED ACE RUBEN<br>(aka Ruben Martin),<br>DOB: 11/20/2002<br><br>Defendant. | Case No. CF0535-23<br>GPD Report Nos: 22-17268/22-28664/23-19027<br><br>**DECISION AND ORDER**<br>**Motion to Dismiss for Violation of Speedy Trial Right** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on May 2, 2024, on Defendant Ruben's Motion to Dismiss for Violation of Speedy Trial Right. Attorney Isa B. Baza, Esq. appeared for Defendant Ruben and Assistant Attorney General Kristine B. Borja represented the People. For the reasons set forth below, the Court GRANTS Defendant's Motion.

## BACKGROUND

On August 12, 2023, a Magistrate Complaint was filed against the Defendant charging him with 1) Criminal Mischief (As a 3rd Degree Felony) *2 Counts*; and 2) Unauthorized Use of a Motor Vehicle (As a Misdemeanor). Defendant was committed to the Department of Corrections pending the posting of $3,000.00 cash bail. The Alternate Public Defender was appointed to represent the Defendant. On August 18, 2023, the Superior Court of Guam

Territorial Grand Jury returned an Indictment charging Defendant with 1) Criminal Mischief (As a 2nd Degree Felony) *2 Counts*; and 2) Unauthorized Use of a Motor Vehicle (As a Misdemeanor).

On August 22, 2023, Defendant was arraigned and filed an Assertion of Statutory Speedy Trial Rights and Request for Jury of Twelve. At the time of the arraignment Defendant was still confined and trial on the matter was set for October 4, 2023, at 9:00 a.m. *See* Crim. Trial Scheduling Order (Aug. 24, 2023). At a Further Proceeding on September 19, 2023, Defendant was released from the Department of Corrections. *See* Order of Conditional Release (Sep. 19, 2023). At the Pre-Trial Conference of September 26, 2023, and at the request of the parties, the court vacated the trial date of October 4, 2023. The court was informed that negotiations were underway, and that Defendant was waiving speedy trial and had executed a written waiver. *See* Waiver (Oct. 4, 2023).

On January 3, 2024, counsel was appointed to represent Defendant and a further proceeding was scheduled for January 23, 2024. This hearing was continued to March 19, 2024, at 10:30 a.m.; however, Defendant filed a written Assertion of Speedy Trial Rights. *See* Assertion (Feb. 15, 2024). On February 21, 2024, the Defendant made a Motion to Sever Charges which was heard and taken under advisement on March 21, 2024. A further proceeding was scheduled as a control date for April 26, 2024, at 2:00 p.m. On April 8, 2024, the court issued its Decision and Order Granting the Motion to Sever Charges. *See* D&O (Apr. 8, 2024). At the further proceedings of April 26, 2024, the court was informed that a resolution was in the works.

On May 2, 2024, the instant Motion to Dismiss for Violation of Speedy Trial Right was filed. *See* Mot. Dismiss (May 2, 2024). The People's Opposition was to be filed on May 16, 2024, and the Defendant's Reply brief, if any, was due on May 23, 2024. *See* Notice (May 2, 2024). The People did not file an Opposition to the Motion; however, on May 23, 2024, Defendant filed his Reply. *See* Reply (May 23, 2024). Additionally, the court observes that no trial scheduling order had been issued after Defendant's assertion of speedy trial on February 15, 2024.

## DISCUSSION

Guam law states:

(a)Except as otherwise provided in Subsection (b), the court *shall* dismiss a criminal action if: … (2) The trial of a defendant, who is in custody at the time of his arraignment, has not commenced within forty-five (45) days after his arraignment; or (3) The trial of a defendant, who is not in custody at the time of his arraignment, has not commenced within sixty (60) days after his arraignment.

(b)A criminal action shall not be dismissed pursuant to Subsection (a) if: . . . (3) Good cause is shown for the failure to commence the trial within the prescribed period.

8 GCA § 80.60(a)(2)(3) and (b)(3) (2005). Pursuant to 8 GCA § 80.60, "if a defendant is not brought to trial within the time prescribed and no good cause is shown, the trial court must dismiss the indictment." *People v. Flores*, 2009 Guam 22 ¶ 23; *Ungacta v. Superior Court*, 2013 Guam 29 ¶ 9.

It is undisputed that Defendant was in custody at the time of his arraignment. Thus, his speedy trial clock began with forty-five days on it. 8 GCA § 80.60(a)(2). Defendant asserted his right to a speedy trial on August 22, 2023. Defendant waived his speedy trial rights on September 26, 2023. The court calculates that a total of thirty-five (35) days elapsed and ten

(10) days remained on the speedy trial clock.[1] Defendant re-asserted his speedy trial right on February 15, 2024; consequently, he had to have been brought to trial on or before February 25, 2024. However, Defendant then filed a Motion to Sever Charges on February 21, 2024, which was ultimately granted by the court on April 8, 2024. The period between February 15 and February 21 is six (6) days. Trial must have commenced on or before April 12, 2024. Thus, the speedy trial clock had already run by the time the parties and the court met on the April 26, 2024, further proceedings. Whether or not the activity after April 12, 2024, constituted good cause is irrelevant because time had already run.

## CONCLUSION

In light of the foregoing, the Court hereby GRANTS Defendant Ruben's Motion to Dismiss for Violation of Speedy Trial Right.

IT IS SO ORDERED this _____ AUG 1 3 2024 _____.



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

---

[1] (a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time. (1) Period States in Days or a Longer Unit. When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if it is a Saturday, a Sunday, a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the Superior Court inaccessible, the period continues to runs until the end of the next day which is not one of the aforementioned days. Guam R.Civ.Pro. 6(a).